[No. 8,562. Department Two.—February 3, 1885.]

MARSHALL ARNOLD, RESPONDENT, v. MARY JOHN-
SON, APPELLANT.

PLEDGE—DELIVERY OF ENDORSED STOCK CERTIFICATES—APPARENT OWNER-
SHIP.—The owner of stock who voluntarily delivers the endorsed certifi-
cates to a third person, allows him to assume the apparent ownership of the
stock, and cannot recover the same from a *bona fide* pledgee of the apparent
owner, without payment of the debt for which the pledge was made.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco, and from an order refusing a new
trial.

The defendant, on August 1, 1877, was the owner of twenty
shares of stock of the Safe Deposit Company. The company
doubled the number of its shares of stock, and resolved to issue
new certificates for twice the number called for by the then out-
standing certificates, which should be surrendered to the com-
pany. The defendant, for the purpose of availing herself of
this privilege, delivered to J. C. Duncan her certificate of stock,
with her name endorsed upon the back thereof, so as to make
the title thereto pass by delivery. Duncan pledged the certifi-
cate to secure the payment of his promissory note. The pledg-
ee had no notice of the real ownership, and received the certifi-
cate in due course of business. The note has never been paid,
and the respondent, an assignee of the original pledgee, is now
the owner of it. The appeal is from a judgment in favor of
plaintiff, for the recovery of the certificate issued in lieu of the
one endorsed by the defendant to Duncan.

*George F. & Wm. H. Sharp*, for Appellant.

Upon the facts as found, the appellant was entitled to judg-
ment. (*Barstow* v. *Savage Mining Co.*, 64 Cal. 388.)

*Wallace & Hastings*, for Respondent.

The defendant having endorsed and delivered the stock to
Duncan, furnished him with the indicia of ownership, and as
against one who acted upon such appearances, is estopped to de-
ny that Duncan owned the stock at the time it was pledged by
him. (*McNeil* v. *First National Bank*, 46 N. Y. 325; *Winter*

v. *Belmont Mining Co.*, 53 Cal. 428 ; *Thompson* v. *Toland*, 48
Cal. 99 ; *Brewster* v. *Sime*, 42 Cal. 139 ; *Maynard* v. *F. F.
Ins. Co.*, 34 Cal. 48.)

The COURT.—The difference between this case and *Bar-
stow* v. *Savage Mining Co.*, 64 Cal. 388, is, that in this case the
owner of the stock *voluntarily* delivered the indorsed certificate
to the person who pledged it, while in that, the indorsed certifi-
cates were *stolen* from the owner of the stock. In this case the
owner *allowed* another to assume the apparent ownership of the
stock. In that, the owner *did not allow* another to assume the
apparent ownership. The distinction is an important one, and
brings this case within the rule stated in *NcNeil* v. *Tenth Na-
tional Bank*, 46 N. Y. 325, cited approvingly in *Barstow* v.
*Savage Mining Co.*, *supra*  (*Vide Ambrose* v. *Evans*, 66 Cal.)
  Judgment and order affirmed.